WILLIAM M. WAILES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37529.   Promulgated January 20, 1932.

*J. Bond Smith, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

## OPINION.

TRAMMELL: The petitioner contends that the good will of his business adhered to the premises which he sold in 1924, and that irrespective of the fact that the contract of sale did not specifically convey the good will, it nevertheless passed with the premises and he is therefore entitled, under the provisions of section 214 (a) (4) of the Revenue Act of 1924, to deduct its value on March 1, 1913. In the petition the value of the good will on March 1, 1913, is alleged to have been $18,162.40. However, in his brief the petitioner contends that its value was $14,931.40.

It does not follow that because the petitioner sold his building he also parted with his good will. It is well recognized that good will has no existence except in connection with a going business; it can not be separated from the going business to which incident. The seller who disposes of his manufacturing plant as a going concern necessarily parts with all those advantages which are inherent

in conducting an established plant; in other words, parts with his good will. *Pflegar Hardware Specialty Co.* v. *Blair*, 30 Fed. (2d) 614. See also *Brass & Iron Works* v. *Payne* (Ohio), 33 N. E. 88; *Merry* v. *Hoopes* (N. Y.), 18 N. E. 714; *Boggs* v. *Friend* (W. Va.), 87 S. E. 873; and cases collected in 28 C. J. 738. But in this case there is no evidence that the petitioner sold a going business. He retained his business and did not sell it. He merely sold a building. The good will does not necessarily attach to a particular building aside from the business which is being conducted. If a merchant sells an old building and moves his business into a new, he does not dispose of his good will, but retains it. If the petitioner's contention were true, if the building where a business is conducted were destroyed by fire and the business moved and continued at another place, the good will would be destroyed. The good will, while it inheres in the business and becomes a part of it, does not necessarily attach to the building subject to sale whenever the building is sold unless the business is sold in connection with the building. For the foregoing reason it is our opinion that the petitioner is not shown by the record to have sustained a loss in connection with the sale of his good will because he sold his building.

On the other hand, even conceding for the sake of argument that the petitioner had parted with his good will when he sold the building, we are not satisfied from the evidence as to what that good will was or whether it had any value on March 1, 1913. The petitioner relies upon the average annual profit of $2,439.72 for the period from October 1, 1908, to March 1, 1913, arbitrarily attributing to capital assets of an assumed value of $2,500 a return of 8 per cent, capitalizing the excess at 15 per cent to determine good will value. The evidence does not disclose whether the petitioner allowed himself a salary or reasonable compensation for services or whether any amount in respect therefor was deducted in determining the profits. There is no evidence as to what a reasonable compensation would have been or whether, if a reasonable amount had been deducted for compensation, there would have been any profits shown or any profits attributable to good will. Also, the evidence does not disclose what the average investment in the business was over the period. We do not know when the $5,000 was invested in the business or how long it had been invested on March 1, 1913. The assumption of an average invested capital over the period preceding 1913 is not supported by the facts stipulated. Therefore, even if the petitioner as a matter of law had sold his good will, we are unable to determine that he sustained a loss, because we do not know what its value was on March 1, 1913, or whether it had any value on that date.

*Judgment will be entered for the respondent.*